```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :    20cr0007 (DLC)
                                        :
          -v-                           :    MEMORANDUM OPINION
                                        :         AND ORDER
HECTOR TOLENTINO,                       :
                                        :
               Defendant.               :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On April 10, 2020, the defendant sought release on bail from the Metropolitan Detention Center[1] ("MDC") pursuant to 18 U.S.C. §§ 3142(i) and 3142(f) on account of the COVID-19 pandemic. The defendant also argues that his release is necessary to protect his Sixth Amendment right to counsel in advance of his trial, which is currently scheduled for May 18, 2020. The Government opposes the defendant's release.[2] The defendant's application for release on bail is denied. An Order rescheduling the defendant's trial date is forthcoming from this Court.

---

[1] In the defendant's bail application, defense counsel misstates that the defendant is detained at the Metropolitan Correctional Center ("MCC").

[2] The Government's request to file its April 13, 2020 opposition in redacted form is granted.

On January 2, 2020, a two-count indictment was returned against the defendant, who is twenty-eight years old.  The first count charges the defendant with violating 21 U.S.C. § 846.  In particular, he has been indicted for conspiring to distribute mixtures and substances containing detectable amounts of heroin, cocaine, fentanyl, and oxycodone, in violation of 21 U.S.C. § 841(b)(1)(B).  The second count charges the defendant with possessing a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (2).  He is facing a mandatory minimum term of imprisonment of fifteen years.  The Government estimates that his sentencing guidelines range will be in excess of thirty years.

At his December 18, 2019 initial presentment, the Magistrate Judge ordered the defendant detained, having found that a danger to the community would exist if he were released on bail.  The defendant makes this application pursuant to Sections 3142(f) and 3142(i), as well as the Sixth Amendment.

Pursuant to Section 3142(f), a

> hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The only new information that the defendant argues justifies a reopening of the bail hearing and that was not known on December 18 is the outbreak of the COVID-19 pandemic. While there can be no dispute that the COVID-19 pandemic has imposed enormous strains upon all institutions, including correctional facilities, the public health crisis does not have a "material bearing" on whether there are conditions of release that would reasonably ensure the safety of the community. Given the nature of the counts with which the defendant has been charged; the defendant's lengthy criminal history; the Government's description of its evidence of his criminal conduct, including, among other things, the defendant's admission that he trafficked in kilogram quantities of narcotics and the three firearms that were found at the defendant's stash house; all of the information provided by the parties relevant to the underlying bail decision; and the defendant's failure to describe any new evidence that would suggest he presents less of a danger to the community, the Court declines to reopen the bail hearing pursuant to Section 3142(f).[3]

The defendant also argues that he should be released pursuant to Section 3142(i). He requests that he be released to

---

[3] Because the Court declines to reopen the bail hearing, this application may be decided without a hearing.

home confinement and returned to live with his girlfriend and their son.

Section 3142(i) provides that a

> judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). The defendant has not shown that his release to live with his girlfriend will reasonably ensure the safety of the community. The defendant reported that he was living with his girlfriend at this location at the time he committed the charged offense, and counsel does not explain how his girlfriend would be able to provide the control over the defendant that is necessary to protect the community.

The defendant also has not shown that there is a compelling reason for his release. The defendant does not argue that he suffers from health conditions that make him uniquely vulnerable during this public health crisis. After his arrest in December 2019, the defendant told the Pretrial Services Officer that his health was excellent; he reported no medical problems.

The defendant also has not shown that his release is necessary for preparation of his defense. Should the defendant decide he wishes to proceed to trial, the Court will ensure that the defendant is provided adequate time to participate in the

preparation of his defense.  It is thus premature to determine that the measures taken by the Bureau of Prisons to protect inmates' health will prevent him from being ready to present his defense at that trial.

Finally, the defendant argues that his release is necessary to protect his Sixth Amendment right to counsel.  He cites the disruptions to the regular legal visitation schedule at the MDC.  But, as described in the Government's opposition, the MDC allows telephone calls and email communications between counsel and clients, and the defendant does not argue that any such communications have been interrupted or cancelled.  Given the current guidance on social distancing, it is unlikely that counsel would be conducting in-person meetings with the defendant in any event.

The defendant's application for release is denied.

Dated: New York, New York
April 14, 2020

                                                                           DENISE COTE
United States District Judge